ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE PRIMERA INSTANCIA
SALA SUPERIOR DE BAYAMÓN

| | |
|---|---|
| **WILFREDO TORRES MASS** Parte Demandante v. **IJA INC.** Parte Demandada | **SOBRE:** **PETICIÓN DE ORDEN** |

# DEMANDA

**AL HONORABLE TRIBUNAL:**

**COMPARECE**, la parte demandante Wilfredo Torres Mass, y respetuosamente solicita un Interdicto Permanente en contra de IJA Inc. de conformidad con las disposiciones del Título III de la Americans with Disabilities Act.

## I. PARTES

1. El nombre de la parte demandante es: Wilfredo Torres Mass. Su dirección postal es: Urb. Bello Monte Calle 8 L 3 Guaynabo, PR 00969-0000. Su dirección física es: Cond. Colinas de Bayamón Apto 11d Carr 831 Km 2.5 Bayamón, PR 00956. Su número de teléfono es: (787) 637-3372.

2. La parte codemandada IJA Inc. es el titular y operador del lugar de acomodo público en controversia en el caso de epígrafe y conocido como 11:11 Italia Urbana.

## II. ALEGACIONES

### A. Sobre Las Condiciones Médicas de la Parte Demandante

3. El señor Wilfredo Torres tiene una condición de salud, la cual, le genera una discapacidad. La condición es la siguiente: Paraplejia incompleta a niveles lumbares L1 y L2, una lesión de la médula espinal que ha causado deterioro neurológico significativo y pérdida de función motora en sus extremidades inferiores. Esta condición ha resultado en limitaciones permanentes de movilidad y restricciones físicas sustanciales que afectan su capacidad de participar independientemente en actividades diarias:

4. Como resultado de su condición, el Sr. Torres Mass experimenta dificultades profundas de movilidad comparado con la persona promedio en la población general. Depende exclusivamente de una silla de ruedas para todas sus necesidades de locomoción y transporte, ya que su lesión de médula espinal ha

1

eliminado su capacidad de soportar peso o caminar independientemente a través de sus extremidades inferiores.

5. La Paraplejía Incompleta a niveles L1 y L2 afecta principalmente su función motora del cuerpo inferior, sensación y control muscular, resultando en parálisis y pérdida de movimiento voluntario debajo del sitio de la lesión. Debido a este daño neurológico, el Sr. Torres Mass no puede caminar, correr, pararse independientemente, o realizar actividades que requieren movilidad del cuerpo inferior como subir escaleras, pasar por encima de obstáculos, o transferirse sin dispositivos de asistencia. Su condición le requiere depender completamente de la fuerza del cuerpo superior y movilidad en silla de ruedas para todo movimiento y posicionamiento.

6. Su condición también limita severamente su capacidad de acceder a ambientes que no están diseñados con acomodaciones apropiadas para usuarios de sillas de ruedas. Navegar espacios con escalones, superficies elevadas, pasillos estrechos, o características de accesibilidad inadecuadas presenta barreras insuperables a su independencia y participación completa en acomodaciones públicas, empleo y actividades comunitarias.

### B. Sobre La Propiedad en Controversia

7. La propiedad en controversia es un lugar de acomodo público, conocido como 11:11 Italia Urbana, localizado en Santa Rosa, Bayamón, PR 00959-0000, cuyas coordenadas son 18.385154658850908, -66.1423681097952.

8. La parte demandada IJA Inc., es titular del lugar conocido como 11:11 Italia Urbana.

9. La parte demandada IJA Inc., es operador del lugar conocido como 11:11 Italia Urbana.

### C. La Discriminación en 11:11 Italia Urbana al Wilfredo Torres Mass por Razón de su Discapacidad

10. El señor Wilfredo Torres Mass siente un interés especial por visitar el restaurante 11:11 Italia Urbana debido a su pasión por la gastronomía italiana y su aprecio por platos que combinan tradición con sabores intensos y sofisticados. Entre los que más le llaman la atención se encuentra el risotto de camarones con prosciutto y aceite de trufa, que destaca por su cremosidad, el contraste entre los mariscos y el sabor salado del jamón, y el aroma delicado del aceite de trufa. También le interesa profundamente el filete de salmón sellado, conocido por su textura suave y sabor robusto, así como la pasta arrabbiata con mariscos, que sobresale por su intensidad picante y abundante uso de mariscos frescos. Para el señor Wilfredo, estos platos representan la esencia de la cocina italiana que tanto valora y desea disfrutar.

11. Sin embargo, desde marzo de 2025, el señor Wilfredo ha tenido conocimiento de múltiples barreras arquitectónicas en el establecimiento que representan un serio obstáculo para su movilidad. Aunque tenía planes de visitar el restaurante en abril y mayo de 2025, se sintió disuadido debido a que las condiciones

2

físicas del lugar no le garantizaban una experiencia accesible, segura o cómoda. A pesar de ello, mantiene su interés por visitarlo dentro de los próximos tres meses, motivado por el deseo de disfrutar platos como el risotto de camarones o la pasta arrabbiata. No obstante, actualmente se siente desanimado, ya que las barreras siguen presentes y limitan su acceso, sometiéndose a una experiencia desigual. El señor Wilfredo está consciente de las siguientes barreras dentro del restaurante:

11.1. Puerta Pesada y Presencia de Tapetes que Dificultan el Acceso: El Sr. Wilfredo Torres tiene conocimiento de que la puerta de 11:11 Italia Urbana requiere fuerza significativa para abrirse, combinada con tapetes que obstruyen el movimiento. Lo anterior representó una barrera considerable para el Sr. Wilfredo, quien presenta limitaciones motoras debido a su paraplejia incompleta. Este impedimento físico no sólo complicó el acceso, sino que también incrementó su fatiga y dependencia de otras personas, generando frustración y afectando negativamente su dignidad personal y su capacidad de funcionar de manera independiente dentro del establecimiento. El mecanismo de la puerta pesada le exige más fuerza de la que su parte superior del cuerpo puede proporcionar de manera constante, especialmente después del esfuerzo físico necesario para superar otras barreras hasta la entrada. Los tapetes crean una superficie inestable que puede atrapar las ruedas de la silla, causar detenciones bruscas o requerir espacio adicional para maniobrar, el cual puede no estar disponible. La combinación de estas barreras generó un efecto acumulativo donde cada obstáculo aumentó la dificultad del siguiente, llevando al agotamiento antes incluso de ingresar al lugar. Los tapetes gruesos o arrugados pueden generar desniveles que su silla no puede superar suavemente, obligándolo a bajarse y ajustar manualmente la obstrucción.

11.2. Mesas Inaccesibles por Barra Inferior de Soporte: El señor Wilfredo tiene conocimiento de que en las mesas de 11:11 Italia Urbana hay una barra de soporte debajo de las mesas que le impide acercarse adecuadamente con su silla de ruedas, limitando su capacidad para utilizar las mesas de manera segura y cómoda. Esta barrera afecta directamente su derecho a participar plenamente en actividades sociales y comerciales dentro de 11:11 Italia Urbana generando sentimientos de exclusión y marginación. La ubicación de la barra elimina el espacio necesario para la colocación de las piernas de los usuarios de sillas de ruedas, obligándo a sentarse a una distancia incómoda o impidiéndole acercarse completamente a la mesa. Este defecto de diseño le impide alcanzar adecuadamente los objetos sobre la mesa, participar en igualdad de condiciones en experiencias gastronómicas o usar la superficie para escribir u otras actividades. La imposibilidad de posicionarse correctamente en las mesas afecta sus interacciones sociales, ya que puede quedar más

alejado de sus acompañantes o verse imposibilitado de participar en actividades grupales que requieran cercanía a la mesa. Esta barrera también representa un riesgo de seguridad, ya que estirarse para alcanzar objetos aumenta el riesgo de perder el equilibrio o forzar músculos ya comprometidos por su condición.

11.3. **Mostrador Excesivamente Alto:** El Sr. Wilfredo Torres tiene conocimiento de que el mostrador ubicado en 11:11 Italia Urbana tiene una altura inaccesible, lo que lo hizo sentir disuadido de visitar 11:11 Italia Urbana, ya que no puede ser atendido adecuadamente. Esta barrera lo obliga a depender de otras personas, socavando su autonomía y dignidad, y constituye una clara violación de sus derechos bajo la ADA al negarle un trato igualitario y la oportunidad de actuar sin obstáculos. La altura elevada del mostrador coloca las superficies de transacción, terminales de pago y zonas de comunicación fuera de su alcance cómodo, obligándolo a forzar su postura o a requerir que el personal se incline, generando una dinámica desigual y potencialmente humillante. Esta altura impidió que vea productos disponibles, lea información publicada o tenga conversaciones a nivel visual con el personal, afectando la calidad del servicio que recibe. Este diseño lo pone en una posición de dependencia al tener que solicitar ayuda para operaciones básicas que otros clientes realizan de manera autónoma, resaltando su discapacidad y generando posibles demoras e incomodidad en las interacciones comerciales. La altura excesiva también impidió que realice transacciones de forma privada, ya que el personal a menudo debe alzar la voz o repetir información para salvar la distancia física, lo que puede comprometer su privacidad y dignidad.

12. Para garantizar el acceso pleno, seguro y autónomo del Sr. Wilfredo Torres, se requiere la instalación de un sistema de apertura automática en la puerta principal o la reducción de su peso operativo a un máximo de 5 libras, así como la remoción de tapetes sueltos o gruesos que obstruyan la maniobra de sillas de ruedas. Además, deben reemplazarse las mesas actuales por otras con bases abiertas que permitan el acercamiento frontal, eliminando barras inferiores que impiden el espacio libre para las piernas, conforme a los estándares de 27 pulgadas de alto, 30 de ancho y 19 de profundidad. Igualmente, deben incorporarse sillas con altura adecuada (17-19 pulgadas al asiento) y diseño funcional para facilitar transferencias seguras, o en su defecto, establecer espacios que acomoden sillas de ruedas sin segregar al usuario. Por último, el mostrador de servicio debe modificarse para incluir una sección rebajada con una altura máxima de 36 pulgadas y espacio libre de 27 pulgadas bajo el área de atención, permitiendo interacción visual, comunicación efectiva y transacciones autónomas sin comprometer la postura ni la privacidad del Sr. Torres.

4

13. El señor Wilfredo Torres Mass se verá afectado en un futuro por las barreras que existen en 11:11 Italia Urbana debido a que:

    13.1. 11:11 Italia Urbana se encuentra a tan solo 8 minutos en vehículo desde su hogar, una distancia sumamente corta y conveniente, haciendo que 11:11 Italia Urbana sea un restaurante altamente elegible y accesible para el señor Torres Mass.

    13.2. Se siente particularmente atraído por la gastronomía italiana auténtica que ofrece el establecimiento, especialmente por su pasión por platos que combinan tradición con sabores intensos y sofisticados que caracterizan la propuesta culinaria de 11:11 Italia Urbana.

    13.3. Tiene un interés especial en degustar el risotto de camarones con prosciutto y aceite de trufa, del cual ha escuchado excelentes comentarios sobre su cremosidad, el contraste entre los mariscos y el sabor salado del jamón, y el aroma delicado del aceite de trufa que lo distingue.

    13.4. Desea probar el reconocido filete de salmón sellado, conocido por su textura suave y sabor robusto, así como la pasta arrabbiata con mariscos, que sobresale por su intensidad picante y abundante uso de mariscos frescos.

    13.5. Mantiene planes concretos para visitar el restaurante dentro de los próximos meses, motivado por el deseo de experimentar estos platos que representan la esencia de la cocina italiana que tanto valora y desea disfrutar.

    13.6. Valora el ambiente gastronómico italiano auténtico que ofrece el establecimiento, considerando que estos elementos culinarios son fundamentales para una experiencia placentera que ha estado esperando vivir.

14. Wilfredo Torres Mass se siente disuadido/a de visitar 11:11 Italia Urbana debido a las barreras arquitectónicas allí existentes. No obstante, tiene la intención de regresar a la 11:11 Italia Urbana una vez se hayan eliminado las barreras arquitectónicas. Solo cuando se eliminen todas las barreras relacionadas con su tipo de discapacidad, podrá regresar y tener un acceso completo, igualitario, digno y seguro.

15. El Sr. Wilfredo Torres Mass se reserva el derecho de regresar en cualquier momento a 11:11 Italia Urbana con cualquier fin lícito, aun cuando ello suponga someterse a condiciones discriminatorias, que tenga que experimentar inconvenientes que otros no discapacitados no experimentan o que represente un riesgo a su seguridad personal e integridad física. De la misma manera en que una persona sin discapacidades puede optar por someterse a condiciones hostiles que no son ilícitas, como una larga e interminable fila de pago, la parte demandante se someterá a las condiciones discriminatorias ilícitas que ha creado la parte demandada, independientemente de su dignidad o aunque ponga en riesgo su integridad física.

16. Por no conocerse el historial de construcción y alteración de la propiedad en este momento, se alega: la propiedad fue construida y/o alterada luego del 15 de marzo de 2012; en la alternativa, la Propiedad fue construida o alterada luego del 26 de enero de 1993; en la alternativa, la propiedad fue construida previo al 26 de enero de 1993, pero la parte demandada cuenta con los recursos económicos para que la propiedad cumpla con los códigos de construcción más vigentes.

### D. Violaciones al Título III de la Americans with Disabilities Act (ADA) por parte de 11:11 Italia Urbana

17. IJA Inc., como operador y titular del establecimiento conocido como 11:11 Italia Urbana, incurre en múltiples violaciones al Título III de la Americans with Disabilities Act (ADA) al no proporcionar un lugar de acomodo público que sea accesible y utilizable por personas con discapacidades, conforme a lo establecido por la legislación federal. La parte demandante, Wilfredo Torres Mass, expone que el establecimiento incumple con los requisitos mínimos de accesibilidad física que garantizan su participación en igualdad de condiciones como persona con paraplejia incompleta que utiliza silla de ruedas.

18. En primer lugar, la puerta de entrada al establecimiento constituye una barrera arquitectónica significativa, ya que requiere una fuerza excesiva para abrirse. Esta situación, agravada por la presencia de tapetes pesados, arrugados o mal colocados, genera una combinación de obstáculos que impide el ingreso autónomo del Sr. Torres Mass. El esfuerzo necesario para manipular la puerta excede su capacidad funcional en el tren superior, especialmente luego de recorrer áreas inaccesibles del entorno. Los tapetes inestables provocan trabas en las ruedas de su silla, lo obligan a detenerse o a ajustar manualmente el recorrido. Esta configuración incrementa su fatiga física, limita su independencia, vulnera su dignidad personal y constituye una negación práctica del acceso que garantiza el ADA.

19. En segundo lugar, las mesas del establecimiento cuentan con barras de soporte vertical bajo la superficie, lo cual impide que el Sr. Torres Mass se acerque adecuadamente con su silla de ruedas. Esta barrera le impide colocar sus piernas bajo la mesa y lo obliga a mantenerse a una distancia incómoda o a renunciar a su uso. Esta situación afecta directamente su capacidad de interactuar socialmente, alcanzar objetos, disfrutar una comida o utilizar la superficie para cualquier actividad comercial o recreativa.

20. Por último, los mostradores del establecimiento exceden la altura accesible permitida por el ADA, lo que dificulta que el Sr. Torres Mass realice pedidos, pagos o interacciones con el personal sin asistencia. Esta configuración genera una dinámica de dependencia innecesaria y lo expone a situaciones de inferioridad, al tener que solicitar ayuda para realizar operaciones básicas. La altura elevada impide que vea el menú, acceda a materiales informativos o mantenga contacto visual con el personal, lo que degrada la calidad del servicio y contraviene los principios de equidad y autonomía que protege el Título III del ADA.

21. Las deficiencias señaladas no constituyen fallos aislados ni menores; representan una falta estructural y sistemática de cumplimiento con las obligaciones legales en materia de accesibilidad. Al operar un lugar de acomodo público sin garantizar un acceso físico, funcional y digno para personas con discapacidades, 11:11 Italia Urbana incurre en una discriminación constante que vulnera derechos fundamentales. Por ello, estas violaciones al Título III del ADA ameritan la concesión de remedios equitativos, incluyendo un interdicto permanente y cualquier otra medida que este Honorable Tribunal estime justa y necesaria para restituir los derechos del Sr. Torres Mass y asegurar el cumplimiento continuo de la ley.

22. El demandado presentó de manera deliberada información falsa, incompleta o irregular ante las autoridades competentes durante el proceso de solicitud de permisos de uso, con el propósito de obtener la autorización necesaria para operar su establecimiento comercial. Esta conducta fraudulenta permitió al demandado eludir los requisitos de cumplimiento establecidos por la Ley de Estadounidenses con Discapacidades (ADA), operando así su negocio en flagrante violación de las normas federales de accesibilidad.

23. Al proporcionar información engañosa para obtener los permisos correspondientes, el demandado no solo violó su obligación de transparencia ante las autoridades regulatorias, sino que también privó deliberadamente a las personas con discapacidades de su derecho fundamental al acceso igualitario a lugares de acomodación pública, perpetuando así prácticas discriminatorias prohibidas por la ley federal.

### III. REMEDIOS SOLICITADOS

**POR TODO LO CUAL**, la parte demandante muy respetuosamente solicita los siguientes remedios legales:

1. Un interdicto permanente de conformidad con 42 USC § 12188 (a) (2) y 28 CFR § 36.504 (a) que ordene a la parte demandada eliminar las barreras arquitectónicas que existen en 11:11 Italia Urbana mediante el cumplimiento con las guías de diseño accesible que le sean aplicables según su fecha de construcción y alteración, de la siguiente manera:

    1.1. Remover la barra metálica de soporte que obstruye la ruta de entrada principal y proporcionar un acceso directo y libre de obstáculos.

    1.2. Instalar una rampa accesible que cumpla con los estándares ADA, incluyendo pendiente adecuada, pasamanos en ambos lados, superficies antideslizantes, y descansos intermedios según sea necesario.

    1.3. Sustituir la puerta de entrada por una automática o aligerada que permita apertura sin esfuerzo excesivo y proporcionar ancho libre adecuado, además de remover las alfombras que obstaculizan el movimiento de sillas de ruedas.

7

1.4. Reorganizar el mobiliario interior para crear pasillos amplios, accesibles y sin obstáculos.

1.5. Reemplazar o modificar las mesas que tienen barras inferiores obstructivas para permitir acceso frontal en silla de ruedas, eliminando bases estructurales obstructivas.

1.6. Proveer sillas accesibles de altura adecuada que ofrezcan soporte estable o espacios designados que permitan a los usuarios de sillas de ruedas transferirse cómodamente.

1.7. Ajustar la altura del mostrador de servicio y transacción a altura accesible y crear una sección con espacio libre frontal adecuado para rodillas y alcance sin obstrucciones.

2. Un interdicto permanente de conformidad con 42 USC § 12188 (a) (2) y 28 CFR § 36.504 (a) que ordene a la parte demandada a que elimine las políticas y prácticas discriminatorias existentes en la actualidad que impiden la eliminación de las barreras arquitectónicas y/o políticas y prácticas que impiden que se brinden los acomodos razonables que sean necesarios para que haya un trato igualitario.

3. Honorarios de abogado, costas y gastos de litigio, de la parte demandante prevalecer en sus reclamos.

4. La provisión de cualquier otro remedio que sea justo y propio, en ley o equidad, y que no haya sido expresamente solicitado, pero que proceda como cuestión de derecho y conforme a la Regla 42.4 de las Reglas de Procedimiento Civil de Puerto Rico

**SOMETIDO RESPETUOSAMENTE.**

**Fechado:** 17 de junio de 2025.

**VELEZ LAW GROUP LLC**
Civil Rights Division


*f*/José Carlos Vélez Colón
José Carlos Vélez Colón
RUA 18913

4204 Six Forks Rd, Apt 1209
Raleigh, NC 27609-6427

E:   vlg@velezlawgroup.com
C:   (787)-422-1881


**ABOGADO DE LA PARTE DEMANDANTE**